IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00655-MSK-BNB

JILL BLACKBURN,

        Plaintiff,

v.

THE CITY OF ARVADA, COLORADO,
ERIC KELLOGG, individually and in his capacity as a police officer for the City of Arvada,
RON SLOAN, individually and in his capacity as Chief of Police for the Arvada, Colorado
Police Department,
JOHN DOE, unknown police officer for the City of Arvada, Colorado, and
RICHARD DOE, unknown police officer for the City of Arvada, Colorado,

        Defendants.

## ORDER ON MOTIONS

THIS MATTER comes before the Court on several motions filed by the Defendants,[1] as follows:

(1)     A motion **(#19)** filed by Defendants Kellogg and Sloan under Fed. R. Civ. P. 12(b)(6) to dismiss Claim 2, to which the Plaintiff responded **(#24)** and these Defendants replied **(#32)**.

(2)     A motion **(#20)** filed by all Defendants under Fed. R. Civ. P. 12(b)(1) to dismiss Claims 3 and 4 for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act, to which the Plaintiff responded **(#27)** and the Defendants replied **(#33)**.

(3)     A motion **(#21)** filed by all Defendants seeking summary judgment on Claims 3 and 4, to which the Plaintiff responded **(#28)** and the Defendants replied **(#34)**.

(4)     A motion **(#25)** filed by Defendants Kellogg and Sloan asking the Court to

---

[1] Whenever practicable, the Court will refer to each Defendant by name. Otherwise, the Court will refer to them collectively as "the Defendants."

disregard the Plaintiff's untimely responses to three of their motions **(#19, #20, #21)**, to which there is no response.[2]

(5)  A motion **(#45)** filed by Defendants Kellogg and Sloan seeking summary judgment on Claim 1, to which the Plaintiff responded **(#50)** and these Defendants replied **(#53).**

Having considered the same, the Court finds and concludes as follows.

## I. Jurisdiction

For purposes of determining the instant motions, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. Background

The Plaintiff, Jill Blackburn, asserts claims against the Defendants pursuant to 42 U.S.C. § 1983 and Colorado law. Her claims are premised upon a police report prepared by Defendant Eric Kellogg, which she alleges contained deliberately false information and which Defendant Ron Sloan sent to her employer, the Federal Bureau of Investigation ("FBI"). She alleges that the false information in the report caused the FBI to terminate her employment. She also alleges that Mr. Sloan covered up the false report, and that an internal affairs investigation perpetuated the cover-up.

In her Amended Complaint **(#16)**, Ms. Blackburn asserts four claims for relief. In Claim 1, she alleges that Mr. Kellogg, Mr. Sloan and the Arvada Police Department violated her right to substantive due process through creation of a false and defamatory police report which they sent to the FBI, and by covering-up the report's falsity. In Claim 2, she alleges that the false statements in the police report were defamatory and that the Defendants' conduct regarding these

---

[2] This motion is denied.

statements deprived her of a liberty interest (to conduct business, and her good reputation) and property interest (her job with the FBI). In Claim 3, Ms. Blackburn alleges that Mr. Kellogg defamed her character in violation of Colorado law. In Claim 4, she alleges that Mr. Kellogg and Mr. Sloan intentionally interfered with her employment contract with the FBI. She seeks to recover compensatory and punitive damages.

### III. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. There is a strong presumption against the dismissal of claims under this rule. *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). A plaintiff is not required to include detailed factual allegations in a complaint, but a complaint must contain "more than labels and conclusions" and must consist of more than "a formulaic recitation of the cause of action[.]" *See Bell Atlantic Corp. v. Twombly*, _ U.S. _, 127 S. Ct. 1955, 1964-65 (2007). Rather, it must contain factual allegations which are "enough to raise a right to relief above the speculative level[.]" *Id.*

Mr. Kellogg and Mr. Sloan move to dismiss Claim 2 for failure to state a claim. They contend that Ms. Blackburn has not alleged the deprivation of any liberty or property interest in her Complaint. Ms. Blackburn contends that the alleged damage to her reputation is a sufficient basis for her claim.

Claim 2 appears to be a procedural due process claim premised upon defamation. Ms. Blackburn alleges that the false statements made by Mr. Kellogg were defamatory and that all

3

Defendants' conduct regarding these statements deprived her of a liberty interest (to conduct business, and her good reputation) and property interest (her job with the FBI). In her response to the motion to dismiss, Ms. Blackburn makes repeated references to the "stigma-plus" test of *Paul v. Davis*, 424 U.S. 693 (1976), which addressed whether damage to a person's reputation implicated a liberty interest sufficient to invoke the procedural protections of the Due Process Clause.

In *Davis*, the Supreme Court considered whether a defamation claim, standing alone, could give rise to a due process claim under 42 U.S.C. § 1983. In that case, the plaintiff's name and photograph were included on a list of known shoplifters that was distributed to businesses. The plaintiff had never been convicted of shoplifting but was facing a shoplifting charge that was later dismissed. The list came to the attention of the plaintiff's employer, who issued him a verbal warning but did not terminate his employment. On these facts, the Supreme Court concluded that the plaintiff lacked a protected liberty or property interest in his reputation because the defamatory statement did not result in any change in his status.

Many years after *Davis*, the Tenth Circuit promulgated a four-part test for determining whether statements infringe upon a liberty interest in a person's reputation as it affects the person's property interest in continued employment: (1) the statement must impugn the employee's reputation; (2) the statement must be false; (3) the statement must occur in the course of terminating the employee's employment or result in a loss of current (but not prospective) employment; and (4) the statement must be published. *See Stidham v. Peace Officer Standards and Training,* 265 F.3d 1144, 1153 (10th Cir. 2001) (citing *Workman v. Jordan*, 32 F.3d 475 (10th Cir. 1994)). In some cases, the remedy for such a deprivation is a name-clearing hearing.

4

*See Evers v. Regents of University of Colo.,* 509 F.3d 1304, 1308 (10th Cir. 2007). In other cases, prospective relief cannot cure the injury. *See Opala v. Watt,* 454 F.3d 1154, 1160 (10th Cir.), *cert denied,* 127 S. Ct. 738 (2006).

Here, Ms. Blackburn alleges that the Defendants damaged her reputation because they included false, defamatory statements in a police report which they provided to her employer, the FBI, without first giving her an adequate opportunity to clear her name, and that this caused the FBI to terminate her employment. This is sufficient to allege that the statements infringed upon her liberty interest in her reputation and violated her right to due process. Thus, the motion to dismiss is denied.

## IV. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

The Defendants move to dismiss Claims 3 (defamation) and 4 (intentional interference with a contract) under Rule 12(b)(1). They contend that they are immune from Colorado tort law claims under the Colorado Governmental Immunity Act ("CGIA"), because there are no allegations that they engaged in willful and wanton conduct. Ms. Blackburn opposes this motion and contends that the Defendants are not entitled to immunity based upon the pleadings.

Before addressing the immunity argument, the Court first observes that Claim 3 is asserted only against Mr. Kellogg, and Claim 4 is asserted against Mr. Kellogg and Mr. Sloan.[3] The issue is whether these two individuals are immune from Colorado tort law claims under the CGIA.

---

[3] The Defendants also argued that the City of Arvada is entitled to immunity on these claims, but neither claim is asserted against the City of Arvada.

The CGIA provides that, except in limited circumstances not applicable here,[4] a public employee is immune from liability on common law tort claims which arise "out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment <u>unless</u> the act or omission causing such injury was willful and wanton[.]" §24-10-118(2)(a), C.R.S. (emphasis added). Such immunity is jurisdictional and typically addressed by way of a motion under Rule 12(b)(1). *See Tidwell ex rel. Tidwell v. City and County of Denver,* 83 P.3d 75, 85 (Colo. 2003). The "specific factual basis" for the allegations of willful and wanton conduct "shall be stated in the complaint", failing which the claim must be dismissed for failure to state a claim. §§ 24-10-110(5)(a) & (b), C.R.S. Thus, when a public employee claims immunity under the CGIA in the context of a motion to dismiss, a court considers whether the plaintiff pleaded sufficient facts to overcome any claim to immunity.

Conclusory allegations of willful and wanton conduct are not sufficient. *See Wilson v. Meyer,* 126 P.3d 276, 282 (Colo. App. 2005). In the context of a defamation claim, a plaintiff must do more than allege that the defendant knowingly made a false statement, but also that the defendant acted with intentional or reckless disregard of the injury that the statement would cause. *Id.* This requires a plaintiff to plead specific facts which would show that the defendant was aware that his conduct would cause the plaintiff harm, or that the defendant's conduct was specifically calculated to cause harm. *Id.*

Ms. Blackburn has alleged that Mr. Kellogg intentionally made false statements in his police report, and that he did so "maliciously and in bad faith with the intent of causing harm" to her. However, she does not allege any specific facts to support her conclusion as to his intent to

---

[4] *See* §§ 24-10-106(1)(1) through (g), C.R.S.

harm her. Thus, her allegations of willful and wanton conduct by Mr. Kellogg are insufficient, and he is entitled to immunity under the CGIA on both Claims 3 and 4. This requires the dismissal of Claim 3.

As to Mr. Sloan, Ms. Blackburn alleges that he acted maliciously when he faxed the report to the FBI. This allegation is sufficient because it involves both a false statement and an act – faxing the report – which presumably was designed to create an adverse impression of Ms. Blackburn with her employer, the FBI. Thus, as to Mr. Sloan, Ms. Blackburn adequately pled willful and wanton conduct and therefore her tort claim against him is not barred by the CGIA.

## V. Motion for Summary Judgment Under Fed. R. Civ. P. 56

Mr. Kellogg and Mr. Sloan also move for summary judgment on Claims 1 and 4. They contend that Ms. Blackburn cannot produce evidence to support either claim. As to Claim 4, Mr. Sloan also contends that he is entitled to **qualified** immunity, and relies exclusively upon federal case authority. In response, Ms. Blackburn contends that there is evidence to support her claims, and that Mr. Sloan is not entitled to immunity under the CGIA.

As an initial matter, the Court observes that the entirety of Mr. Sloan's qualified immunity argument is not apt and pertains to qualified immunity on federal civil rights claims. Because he did not raise the issue of CGIA immunity in his summary judgment motion, the Court disregards Ms. Blackburn's arguments on the subject and instead considers only whether a trial is required on Claims 1 (substantive due process) and 4 (intentional interference with contract).[5]

---

[5] Even if Mr. Sloan were entitled to immunity under the CGIA, it would not prevent the trial from going forward on the facts underlying Claim 4, most of which are common to Claims 1 and 2.

**A. Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is

required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B. Material Facts**

Based upon the evidence submitted by the parties, which the Court construes most favorably to Ms. Blackburn, the Court finds for purposes of this motion that:

(1) Jill Blackburn was employed by the FBI as a Special Investigator and performed routine background checks for the FBI.

(2) At all times pertinent to this action, Eric Kellogg was a police officer working for the City of Arvada. Ronald Sloan also worked for the City of Arvada Police Department.

(3) Mr. Kellogg prepared an official police report of his observations made during an incident which occurred during September 2006 where Ms. Blackburn was present. During that incident, Ms. Blackburn informed Mr. Kellogg that she worked for the FBI as a Special Investigator.

(4) There is no copy of the police report in the record. However, according to the deposition testimony of Mr. Sloan, and a letter written by Ms. Blackburn, the report stated that:

    (a) Ms. Blackburn told Mr. Kellogg: "I've been a cop and a sergeant since before your were born, you little punk."

9

(b) Ms. Blackburn glared at Mr. Kellogg.

(c) Ms. Blackburn made comments about women in law enforcement and stated that if somebody needed their arm broken, she would be the one to do it.

(d) Ms. Blackburn claimed to be a Special Agent working for the FBI.

(e) Ms. Blackburn tried to use her position with the FBI to influence Mr. Kellogg's investigation.

(5) In her affidavit, Ms. Blackburn asserts that these and other portions of the report are untrue.

(6) After reading the report prepared by Mr. Kellogg, Mr. Sloan purportedly had some concerns about report's description of the interaction between Mr. Kellogg and Ms. Blackburn, which he stated was "very unprofessional" on Ms. Blackburn's part. He informed the FBI about the interaction, purportedly because he did not want the relationship between the FBI and the Arvada Police Department to suffer because of it. He telephoned FBI Special Agent Rick Powers, who asked Mr. Sloan to send him a copy of the report. Mr. Sloan did not ask Mr. Powers for any specific outcome with regard to Ms. Blackburn. Following the conversation, Mr. Sloan faxed a copy of the report to Mr. Powers.

(7) Based upon the information in Mr. Kellogg's report, the FBI terminated Ms. Blackburn's employment.

## C. Analysis

In Claim 1, Ms. Blackburn alleges that Mr. Kellogg, Mr. Sloan and the Arvada Police Department violated her right to substantive due process through creation of a false and defamatory police report which they sent to the FBI, and through covering-up the report's falsity.

In moving for summary judgment on this claim, the Defendants have construed the claim as alleging civil violations of two Colorado criminal statutes, § 18-8-406, C.R.S. (making a false police report) and § 18-8-404, C.R.S. (official misconduct), and move for summary judgment on the basis that Ms. Blackburn cannot prove violations of either statute. Neither the Defendants nor Ms. Blackburn addressed the elements or proof pertinent to the asserted substantive due process claim. *See Camuglia v. The City of Albuquerque,* 448 F.3d 1214, 1222 (10th Cir. 2006). Thus, the motion for summary judgment on Claim 1 is denied.

With regard to Claim 4, a *prima facie* showing that Mr. Sloan intentionally interfered with Ms. Blackburn's employment contract requires sufficient, competent evidence in the record that: (1) there was a contract between Ms. Blackburn and the FBI; (2) Mr. Sloan knew or should have known that such contract existed; (3) Mr. Sloan intentionally and improperly induced the FBI not to perform its contract with Ms. Blackburn; and (4) this caused Ms. Blackburn damages. *See Lutfi v. Brighton Community Hosp. Ass'n,* 40 P.3d 51, 58 (Colo. App. 2001). Mr. Sloan contends that Ms. Blackburn cannot establish elements 1, 2 or 3.

Element 1 requires the existence of a contract. Because there is evidence in the record that Ms. Blackburn was employed by the FBI, there is a *prima facie* showing on this element.

Element 2 requires that Mr. Sloan knew, or should have known, of the contract. The evidence submitted by the parties shows that Ms. Blackburn told Mr. Kellogg that she worked for the FBI, and that he conveyed this information to Mr. Sloan, who then acted upon it. Thus, there is a *prima facie* showing as to element 2.

Element 3 requires intentional and improper conduct to induce the other party to the contract not to perform. Conduct is intentional if it is intended to bring about a particular result, or if it is likely to bring about that result. *See* Colo. CJI-Civ. 4th 24:2; Restatement (2d) of Torts,

§ 766, cmt. j. Several factors can bear upon whether a defendant's conduct was improper: (a) the nature of the defendant's conduct, (b) the defendant's motive, (c) the interests of the plaintiff with which the defendant's conduct interferes, (d) the interests sought to be advanced by the defendant, (e) the social interests in protecting the freedom of action of the defendant and the contractual interests of the plaintiff, (f) the proximity or remoteness of the defendant's conduct to the interference, and (g) the relation between the parties. *See Krystkowiak v. W.O. Brisben Companies, Inc.,* 90 P.3d 859, 871 n.13 (Colo. 2004).

Construing the evidence most favorably to Ms. Blackburn, the fact that Mr. Sloan contacted the FBI and then faxed the report to it is sufficient to establish a *prima facie* showing of element 3. It can be reasonably inferred that Mr. Sloan intended the FBI to take some action against Ms. Blackburn when he contacted the FBI and then faxed the report to it.

**IT IS THEREFORE ORDERED** that:

(1) The motion to dismiss Claim 2 **(#19),** the motion to disregard responsive briefs **(#25),** and both motions for summary judgment **(#21, #45)** are **DENIED.**

(2) The motion to dismiss Claims 3 and 4 **(#20)** is **GRANTED** in part and **DENIED** in part. Claim 3 is dismissed in its entirety, and Claim 4 against Mr. Kellogg is dismissed.

Dated this 13th day of June, 2008

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge